```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


BRANDON J. FRITZ,                 :
                                  :    Civil Action No. 12-7530 (FLW)
            Petitioner,           :
                                  :
     v.                           :    MEMORANDUM OPINION
                                  :
STATE OF NEW JERSEY, et al.,      :
                                  :
            Respondents.          :
```

**APPEARANCES:**

Petitioner pro se
Brandon J. Fritz
New Jersey State Prison
Trenton, NJ  08625

**WOLFSON**, District Judge

    Petitioner Brandon J. Fritz, a prisoner confined at New Jersey State Prison at Trenton, New Jersey, has filed a Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for aggravated sexual assault, kidnapping, and burglary.[1]

---

[1] This is the second petition Petitioner has filed challenging these convictions. The first was administratively terminated for failure to pay the filing fee or to submit a complete application for leave to proceed in forma pauperis. See Fritz v. State of New Jersey, Civil No. 12-4342 (FLW). In response to the filing of the petition in Civil Action No. 12-4342, this Court gave Petitioner the notice required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). Accordingly, this Court will not give Petitioner a second Mason notice, but will proceed with respect to this Petition, as filed.

A.  <u>The Filing Fee</u>

    The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed <u>in forma pauperis</u>, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed <u>in forma pauperis</u>.  Local Civil Rule 81.2(c).

    Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a).  Petitioner did submit an application for leave to proceed <u>in forma pauperis</u>.  However, he failed to submit the required certification, signed by an authorized officer of the institution, regarding his institutional account.  Accordingly, this action will be administratively terminated for failure to satisfy the filing fee

requirement.  Petitioner will be granted leave to apply to re-open by either prepaying the $5 filing fee or submitting a complete application for leave to proceed in forma pauperis, to be accompanied by the required certification as to his institutional account.

B.   The Lack of a Proper Respondent

Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]."  See also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

"[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary."  Wales v. Whitney, 114 U.S. 5674, 574 (1885) (emphasis added).

> In accord with the statutory language and Wales' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement - "core challenges" - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

Rumsfeld v. Padilla, 542 U.S. 426, 434-436 (2004) (citations omitted).

3

Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts provides similar guidance.

> **(a) Current Custody: Naming the Respondent.** If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.
>
> **(b) Future Custody: Naming the Respondents and Specifying the Judgment.** If the petitioner is not yet in custody - but may be subject to future custody - under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered. ...

Rule 2(a) and (b), Rules Governing Section 2254 Cases.

Thus, under the circumstances of this case, the warden of the facility where the petitioner is held is an indispensable party respondent, for want of whose presence the petition may not proceed. Under the circumstances of this case, where Petitioner is presently confined pursuant to the challenged conviction, neither the State of New Jersey nor the Attorney General of New Jersey is a proper respondent. Accordingly, Petitioner will be granted leave to apply to re-open and to file an amended petition naming a proper respondent.

This Court makes no finding as to the timeliness of the Petition as filed.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate the Petition without prejudice. Petitioner will be granted leave to apply to re-open

within 30 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis and by accompanying such application with an amended petition naming a proper respondent.

    An appropriate Order will be entered.

                                          s/Freda L. Wolfson
                                          Freda L. Wolfson
                                          United States District Judge

Dated: December 19, 2012