# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

_____

BRANDON J. FRITZ,                    :
                                     :
        Petitioner,            :    Civ. No. 12-7530 (FLW)
                                     :
v.                                   :
                                     :
CHARLES E. WARREN, JR., et al.,      :    **OPINION**
                                     :
        Respondents.          :
_____  :


**FREDA L. WOLFSON, U.S.D.J.**

## I.    INTRODUCTION

Petitioner, Brandon J. Fritz ("Fritz" or "Petitioner"), commenced this proceeding by filing a petition for writ of habeas corpus, under 28 U.S.C. § 2254. (Pet., ECF No. 1.) The Court denied his petition on May 21, 2015. (ECF Nos. 24 & 25.) Presently before the Court is a motion by Fritz seeking relief from that Opinion and Order, under Federal Rule of Civil Procedure 60(b). (ECF No. 25.) Fritz has also repeatedly filed a "motion to accept confidential appendix," each of which seems to pertain to the same exhibits to his Rule 60(b) motion. (*See* ECF Nos. 27–31.) Under Federal Rule of Civil Procedure 78, these motions are decided without oral argument, and, for the following reasons, the motions to accept a "confidential appendix" are GRANTED insofar as the Court will consider the included documents as exhibits to the Rule 60(b) motion and the Rule 60(b) motion, however, is DENIED.

## II.    BACKGROUND

As the Court's prior Opinion recites the underlying facts and procedural history in detail, only the most pertinent, undisputed facts are here repeated. In May 2006, Fritz kidnapped and

raped a 20-year-old woman.  Around 10 weeks later, Fritz broke into another woman's home and attempted to rape her.  (*See* ECF No. 24 at 2.)  Fritz pleaded guilty, in November 2007, to charges of first-degree kidnapping, first-degree sexual assault, and second-degree burglary, in an exchange for dismissal of other charges and a recommendation that his sentence not exceed 40 years.  (*See* Ans., Ex. D, Plea Form, ECF No. 16-6.)  The trial judge sentenced Fritz to 40 years imprisonment.  (*See* Ans., Exs. B & C, ECF Nos. 16-4 & 16-5.)  Fritz appealed the length of his sentence, which the New Jersey Superior Court, Appellate Division, affirmed.  (*See* Ans., Ex. E, Order (Jan. 7, 2009), *State v. Fritz*, Docket No. A-004425-07T4 (N.J. Super. Ct., App. Div.), ECF No. 16-7.)  The Supreme Court of New Jersey denied a petition for certification.  *State v. Fritz*, 973 A.2d 944 (N.J. 2009).

Fritz, acting through counsel, filed a petition for post-conviction relief ("PCR"), arguing that his acceptance of the plea deal was the product of ineffective assistance of counsel ("IAC"), and, thus, was not knowing and voluntary.  (Ans., Ex. H, Pet. for PCR Relief, ECF No. 16-10, at 12–19.)  Specifically, Fritz asserted that trial counsel misled and coerced him into accepting the plea by telling him that his sentences would run concurrently, resulting in a 27-year aggregate prison term, but, instead, the deal permitted consecutive sentences, thus subjecting him to a 40-year aggregate term.  (*Id.* at 14–15.)  This PCR petition was denied.  (Ans., Ex. J, Order Denying PCR (May 12, 2010), *State v. Fritz*, Indict. No. 06-10-1619 (N.J. Super. Ct., Ocean Cty., Law Div.), ECF No. 16-12.)  The denial was affirmed on appeal.  *State v. Fritz*, Docket No. A-4565-09T4, 2011 WL 4577752 (N.J. Super. Ct., App. Div. Oct 5, 2011).  The New Jersey Supreme Court denied another petition for certification.  *State v. Fritz*, 40 A.3d 57 (N.J. 2012).

Fritz also filed a second state PCR petition, raising, among other arguments, that his PCR counsel provided ineffective assistance by failing to raise all issues Fritz asked him to and that

the PCR court should have reversed the underlying conviction because the trial court did not hold a competency hearing. (*See* Ans., Exs. Q & Z, ECF Nos. 16-19 & 16-28.) The second state PCR petition was dismissed while Fritz completed the appeal of his first PCR petition, but was revived when Fritz subsequently refiled his second PCR petition. (*See* Ans., Exs. V–Z, ECF Nos. 16-24 through 16-28.)

Meanwhile, Fritz filed with this Court a petition for writ of habeas corpus, under 28 U.S.C. § 2254, on December 7, 2012. (ECF No. 1.) The Petition raised four grounds for relief:

1. ineffectiveness of trial counsel, by failing to pursue a competency evaluation, failing to seek funds to retain an expert witness, and for rendering the plea unknowing or involuntary;
2. ineffectiveness of appellate counsel;
3. ineffectiveness of PCR counsel; and
4. imposition of an excessive sentence.

(*Id.*) After Respondents had answered the Petition, Fritz sought a protective stay of the proceeding to permit him to exhaust his claim of ineffective assistance of PCR counsel before the state courts. (ECF Nos. 18 & 20.) The Court denied the stay motion, finding that the only unexhausted ground was alleged ineffective assistance of PCR counsel, which is not a cognizable claim under § 2254. (ECF No. 23.)

On May 21, 2015, the Court issued an Opinion and Order denying Fritz's habeas petition on the merits. (ECF Nos. 24 & 25.) The Court found appropriate the Appellate Division's affirmance of the denial of Fritz's IAC claim concerning plea negotiations because there was no evidence that Fritz had been misled or coerced into accepting his plea deal and as, in fact, the evidence showed that Fritz understood the plea deal and entered into it voluntarily. (ECF No. 24

at 9–10.) The Court further found that the state courts had not acted unreasonably by denying relief on Fritz's IAC arguments regarding the failure to obtain a competency evaluation or seek funds for an expert witness on the basis, given the significant evidence before the trial court regarding Fritz's competence, that he had failed to show a likelihood of a different outcome had trial counsel taken the steps Fritz claims he should have. (*Id.* at 11–16.)

The Court denied Fritz's claim of ineffective assistance of appellate counsel, construing it as an argument that appellate counsel should have challenged the voluntariness of the plea, and again noting that the state courts had relied on the evidence that Fritz's acceptance of the plea was voluntary. (*Id.* at 16–17.) The Court rejected Fritz's claim that PCR counsel provided ineffective assistance as not cognizable in a § 2254 habeas proceeding and rejected Fritz's excessive-sentence claim on the basis that the state court's denial of that argument rested on an independent state-law basis, thus rendering it unreviewable by this Court. (*Id.* at 17–20.) The Court noted that, if the Petition could be construed as raising an argument that Fritz's sentence was disproportionate under the Eighth Amendment, such a claim would be barred as unexhausted before the state courts and, in any case, would be denied on the merits. (*Id.* at 20.)

Fritz now reports that his second state PCR petition was ultimately denied, the denial was affirmed by the Appellate Division. (ECF No. 26-1 at 7–8.) He indicates that the New Jersey Supreme Court denied another petition for certification on February 9, 2018. (*Id.*)

### III. THE PRESENT MOTION

Nearly three years after the Court issued its Opinion and Order denying the habeas petition, Fritz filed the motion presently pending before the Court, which seeks relief from the final order under Federal Rule of Civil Procedure 60(b). (ECF No. 26.) The central argument of the motion is that Fritz believes the denial of his petition should be set aside and his case should

4

be reexamined "due to appointed counsel at the initial-review collateral proceeding (Post-Conviction relief) was ineffective under *Strickland v. Washington*," which Fritz contends makes his case "reviewable under the standard set forth in *Martinez v. Ryan*." (Mem. of Law in Supp., ECF No. 26-1 at 1–2.) Fritz contends that PCR counsel failed to put proper evidence before the the state courts of trial counsel's ineffectiveness, thus leading to the denial of those claims. (*Id.* at 10.) Fritz argues that PCR counsel's failures left him "without any meaningful representation and the entire PCR appeal process being rendered moot, nothing more than a formality." (*Id.*) Specifically, Fritz contends that his PCR counsel failed to obtain various medical records that allegedly would have supported his IAC claims. (*See id.* at 18–23.) Fritz additionally argues that his appellate PCR counsel was ineffective by failing to raise arguments that his initial PCR counsel was ineffective. (*Id.* at 24–25.) Fritz asserts that "an evidentiary hearing is necessary to develop the facts of the ineffective assistance of both PCR and trial counsel claims." (*Id.* at 26.)

## IV. ANALYSIS

The Court first addresses Fritz's repeated filing of copies of the same "Motion to Accept Confidential Appendix." (ECF Nos. 28, 30, & 31.) These motions appear to seek simply that the Court accept medical records and other documents as exhibits to the Rule 60(b) motion. Although no motion on this basis was necessary, the Court grants these motions to the extent that it will consider the documents in the "Confidential Appendix" as having been filed as exhibits to the Rule 60(b) motion.

Generally, "[a] motion under Rule 60(b) must be made within a reasonable time," and Rule 60(b) motions based on subparagraphs (1) (mistake, inadvertence, surprise, or excusable neglect), (2) (newly discovered evidence), or (3) (fraud) must be made within one year of "the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); *see also*

*Zied v. Barnhart*, 716 F. App'x 102, 104 (3d Cir. 2017); *Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987). Fritz's motion explicitly invokes Rule 60(b)(6), under which a judgment or order may be vacated for "any other reason that justifies relief," and which is not subject to the concrete, one-year limitation on subparagraphs (1), (2), and (3). (*See* ECF No. 26-1 at 1.) Nevertheless, the Third Circuit has previously found that Rule 60(b)(6) motions filed two or three years after the challenged order, without satisfactory explanation for the delay, were not filed within a reasonable time. *See Williams v. City of Erie Police Dep't*, 639 F. App'x 895, 898 (3d Cir. 2016) (17 months); *United States ex rel. Pritsker v. Sodexho, Inc.*, 493 F. App'x 309, 312 (3d Cir. 2012) (28 months); *United States v. Williams*, 326 F. App'x 656, 657–58 (3d Cir. 2009) (37 months); *Moolenaar*, 822 F.2d at 1348 (23 months); *Martinez-McBean v. Gov't of V.I.*, 562 F.2d 908, 913 n.7 (3d Cir. 1977) ("two and one-half years").

Fritz has provided no justification for the 35-month period that elapsed between this Court's denial of his habeas petition and his filing of this Rule 60(b) motion. Fritz's recitation, in his supporting brief, of the history of his second state PCR proceeding and the proximity in time between the New Jersey Supreme Court's denial of certification in that matter and Fritz's filing of this motion suggest that, perhaps, Fritz believed that his second state PCR proceeding somehow tolled his time to file a Rule 60(b) motion in this matter. There is no legal basis for this proposition. Indeed, this Court denied Fritz's application to stay his habeas proceeding for the very reason that his exhaustion in state court of his claim of ineffective assistance of PCR counsel "would have *no effect* on his § 2254 Petition, since this ground is not a cognizable claim for habeas relief under § 2254." (ECF No. 23 ¶ 7 (emphasis added).)

In any case, even if Fritz could show that he filed this motion within a reasonable time, he still has not shown any justification for relief under Rule 60(b)(6). Relief under this provision

6

requires the movant to show "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993); *see also Mathias v. Superintendent Frackville SCI*, 876 F.3d 462, 473 (3d Cir. 2017), *cert. denied sub nom. Mathias v. Brittain*, 138 S. Ct. 1707 (2018); *Cox v. Horn*, 757 F.3d 113, 115 (3d Cir. 2014). Fritz's motion does not assert any potentially meritorious basis for relief, much less establish extraordinary circumstances.

Fritz argues that his PCR counsel, at both the trial and appellate levels, provided ineffective assistance by failing to obtain medical records that Fritz contends would have supported his IAC claims concerning plea negotiations and attempts to show incompetency. Claims for ineffective assistance of PCR counsel are not cognizable in federal habeas proceedings. 28 U.S.C. § 2254(i); *Taylor v. Horn*, 504 F.3d 416, 437 n.17 (3d Cir. 2007). Furthermore, while Fritz attempts to invoke the Supreme Court's opinion in *Martinez v. Ryan*, 566 U.S. 1 (2012), this case is not applicable to the facts presented. In *Martinez*, the Court held that the ineffective assistance of PCR counsel could constitute cause for a petitioner's failure to exhaust before the state courts a claim for ineffective assistance of trial counsel, thus permitting the petitioner to raise the otherwise procedurally defaulted claim in a federal habeas proceeding. *See id.* at 17. Here, however, the Court did not treat Fritz's IAC claims as procedurally defaulted; indeed, the Opinion denying Fritz's habeas petition included a substantial analysis of the merits of those claims. (*See* ECF No. 24 at 7–16.) Accordingly, *Martinez* is inapplicable, as there is no procedural default to excuse.

Were the Court to liberally construe this motion as seeking reconsideration of its Opinion and Order, Fritz would fare no better. Reconsideration is considered an extraordinary remedy and is granted only sparingly. *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483,

515 (D.N.J. 2014); *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477 (D.N.J. 2014). The movant has the burden of demonstrating one of three bases for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered its original decision]; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reconsideration are not intended as opportunities to reargue old matters or raise issues that could have been raised previously. *See Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgm't LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

Fritz does not allege any intervening change in the law, and, while he discusses at length evidence that he contends his trial and PCR counsel should have obtained and employed in his defense, he does not allege that any evidence "was not available" at the time of the prior court decisions. *See Max's Seafood Café*, 176 F. 3d at 677. Although Fritz contends that the Court should hold an evidentiary hearing regarding his claims, he does not point any alleged error of law or fact or need to prevent a manifest injustice. *See id.* Instead, it is clear that Fritz simply seeks another opportunity to reargue his IAC claims that this Court previously denied on their merits. This is precisely what reconsideration motions are not intended to allow. *See Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgm't LLC*, 161 F. Supp. 2d at 352.

## V. CONCLUSION

For the foregoing reasons, Fritz's motions to accept a confidential appendix (ECF Nos. 28, 30, & 31) are GRANTED to the extent that the Court considers the documents in the appendix to have been filed as exhibits to the Rule 60(b) motion and the motion under Rule

60(b), even if construed as seeking reconsideration of the Court's prior Opinion and Order, (ECF No. 26), is DENIED.  An appropriate Order will be entered.

DATED:  November 27, 2018                    /s/ Freda L. Wolfson
                                             FREDA L. WOLFSON
                                             United States District Judge