UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRANDON J. FRITZ,

    Petitioner,

v.

THE ATTORNEY GENERAL OF THE
STATE OF NEW JERSEY et al.,

    Respondents.

Civ. No. 12-7530 (FLW)

**MEMORANDUM OPINION**

**<u>FREDA L. WOLFSON, Chief U.S.D.J.</u>**

    Petitioner, Brandon J. Fritz ("Fritz" or "Petitioner"), commenced this proceeding by filing a petition for writ of habeas corpus, under 28 U.S.C. § 2254, on December 7, 2012. (ECF No. 1.) The Petition sought relief on the alleged basis of ineffectiveness of trial counsel, ineffective assistance of appellate counsel, ineffective assistance of post-conviction-relief ("PCR") counsel, and excessive sentence. (*Id.*) In July 2013, after Respondents had answered the Petition, Fritz sought a protective stay of the proceeding to permit him to exhaust previously unexhausted claims in a second PCR petition filed in state court. (ECF Nos. 18 & 20.) The Court denied the stay motion, finding that the only unexhausted ground was alleged ineffective assistance of PCR counsel, which is not a cognizable claim under § 2254. (ECF No. 23.)

    In May 2015, the Court issued an Opinion and Order denying Fritz's habeas petition on the merits. (ECF Nos. 24 & 25.) Among other conclusions, the Court denied Fritz's claim of ineffective assistance of counsel ("IAC") in connection with his guilty plea, finding appropriate the Appellate Division's rejection of this claim because there was no evidence that Fritz had been misled or coerced into accepting his plea deal and as, in fact, the evidence showed that Fritz

understood the plea deal and entered into it voluntarily. (ECF No. 24 at 9–10.) The Court further found that the state courts had not acted unreasonably by denying relief on Fritz's IAC arguments regarding the failure to obtain a competency evaluation or seek funds for an expert witness on the basis, given the significant evidence before the trial court regarding Fritz's competence, that he had failed to show a likelihood of a different outcome had trial counsel taken the steps Fritz claims he should have. (*Id.* at 11–16.) The Court rejected Fritz's claim that PCR counsel provided ineffective assistance as not cognizable in a § 2254 habeas proceeding. (*Id.* at 17–20.)

Nearly three years later, in April 2018, Fritz filed a motion seeking relief from the final Opinion and Order, under Federal Rule of Civil Procedure 60(b). (ECF No. 26.) Fritz mainly argued that the denial of his petition should be set aside and his case should be reexamined "due to appointed counsel at the initial-review collateral proceeding (Post-Conviction relief) was ineffective under *Strickland v. Washington*," which Fritz contends makes his case "reviewable under the standard set forth in *Martinez v. Ryan*." (Mem. of Law in Supp., ECF No. 26-1 at 1–2.) Specifically, Fritz asserted that his PCR counsel failed to obtain various medical records that allegedly would have supported his trial counsel IAC claims. (*See id.* at 18–23.)

The Court denied Fritz's Rule 60(b) motion on two bases. (ECF Nos. 32 & 33.) First, the Court found that, although Fritz sought relief under Rule 60(b)(6), which does not have a strict, one-year filing limitation, he still had not filed the motion within a "reasonable time," nor had he provided any justification for the delay. (ECF No. 32 at 5–6.) The Court further found that Fritz had not demonstrated extraordinary circumstances requisite for relief under Rule 60(b)(6), nor asserted any potentially meritorious basis for relief. (*Id.* at 6–7.) Addressing Fritz's attempt to invoke *Martinez v. Ryan*, 566 U.S. 1 (2012), the Court found that case

2

inapplicable, as the state courts had denied Fritz's IAC claims on their merits, not on the basis that they were procedurally defaulted. (*See id.*)

Fritz now moves for reconsideration of the Court's prior Opinion and Order denying his motion for relief under Rule 60(b). (ECF Nos. 34 & 35.)[1] He asserts that his Rule 60(b) motion raised newly discovered evidence showing that he had a *Martinez* claim concerning trial counsel's alleged failure to adequately address Fritz's mental competence when he pleaded guilty, which claim PCR counsel failed to adequately raise due to ineffectiveness. (*See id.*) He further asks the Court to grant him equitable tolling. (*Id.*)

Reconsideration is an extraordinary remedy and is granted only sparingly. *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014); *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477 (D.N.J. 2014). The movant has the burden of demonstrating one of three bases for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered its original decision]; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A party seeking reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are not intended as opportunities to reargue old matters or raise issues that could have been raised previously. *See Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgm't LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

---

[1] Fritz in fact filed two motions for reconsideration, four days apart, which, while not completely identical, are substantially the same. (ECF Nos. 34 & 35.) The Court treats them as one motion.

Fritz does not allege any intervening change in the law, and, while he contends that his Rule 60(b) motion included newly discovered evidence, he does not assert that reconsideration of the denial of that motion is warranted because of any newly discovered evidence. (*See* ECF Nos. 34 & 35.) Accordingly, the Court construes his motion as asserting that reconsideration is needed to correct a clear error of law or fact. Fritz does not, however, identify any specific error of law or fact or need to prevent a manifest injustice. (*See id.*) Had the Court construed the Rule 60(b) motion as seeking relief on the basis of newly discovered evidence, under Rule 60(b)(2), rather than "any other reason that justifies relief," under Rule 60(b)(6), his motion would have been even more clearly untimely, as a motion under Rule 60(b)(2) must be filed within one year of the entry of judgment. *See* Fed. R. Civ. P. 60(c)(1). In any case, Fritz does not demonstrate that he has any potential *Martinez* claim, as his focus remains on his PCR counsel's alleged failure to find certain of his medical records related to his mental competency at the time of plea, not upon any failure to raise the argument at all. (*See* ECF Nos. 34 & 35.) Furthermore, Fritz's IAC claims related to competency were denied on their merits, not as procedurally defaulted. (*See* ECF No. 24 at 7–16.)

It is unclear in what way Fritz contends that the Court should apply equitable tolling, but, nonetheless, apparent that Fritz has failed to demonstrate that any tolling is warranted. He focuses primarily on delays in resolution of his second PCR petition and asserts that he could not have asserted his claims until that proceeding was complete. (*See id.*) In denying Fritz's stay motion, however, the Court made it quite clear that "[t]he exhaustion of Fritz's only unexhausted ground—his challenge to the effectiveness of state PCR counsel—would have no effect on his § 2254 Petition, since this ground is not a cognizable claim for habeas relief." (ECF No. 23 ¶ 7.) Thus, Fritz's apparent belief that he was obligated to fully exhaust his second PCR petition

before he could seek relief under Rule 60(b) was unwarranted.  Overall, Fritz offers no potentially meritorious basis for reconsideration.  Instead, it seems he simply desires yet another opportunity to reargue his IAC claims that this Court previously denied on their merits.  As the Court has previously informed Fritz, reconsideration motions are not intended for this purpose.  *See Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgm't LLC*, 161 F. Supp. 2d at 352.

For these reasons, Fritz's motions for reconsideration, (ECF Nos. 34 & 45), are DENIED. An appropriate Order will be entered.


DATED:  August 1, 2019 /s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge